IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SPENCER,

        Plaintiff,                      No. CIV S-06-0272 FCD KJM P

    vs.

J. BRIDDLE,

        Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $7.62 will be assessed by this order.  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

/////

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Fed. R. Civ. P. 8(a)(2).

Plaintiff alleges that defendants Olath and Spataro were aware of "prior incidents" between Hispanic gangs at High Desert State Prison, but that, despite this knowledge, they released 150 prisoners to go to the dining area for a meal. A fight broke out between northern and southern Hispanics. As defendant Moore rushed to subdue one of the fighting inmates, he tripped and fell on plaintiff, injuring plaintiff's neck and shoulder. Complaint (Compl.) at 3-4. Plaintiff continues to suffer from his injuries. Id.

Several weeks later, plaintiff met with defendant Briddle, the associate warden, asking to be transferred to a medical prison facility. Briddle denied that plaintiff had been injured and was verbally abusive. As a result petitioner has had to see a psychiatrist and has had difficulties sleeping. Id. at 4.

In Farmer v. Brennan, 511 U.S. 825, 833 (1994), the Supreme Court held that a prison official is not liable for failing to prevent harm to a prisoner "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. Id. at 839-40. The ultimate test is whether the prison official acted reasonably in light of his knowledge; if he did, he is not liable under the Eighth Amendment even if the prisoner is harmed. Id. at 844. Plaintiff appears to allege that Olath and Spataro should not have allowed large groups of Hispanic inmates to go to the dining hall at the same time because of the potential for violence. He presents little to support his claim, except his general assertion that defendants "were aware of prior incidents."

3

He does not explain how these prior incidents, whatever their nature, would have put the defendants on notice that there may be a fight and that other, uninvolved inmates would be put in harm's way. Plaintiff will be given the opportunity to amend this portion of his complaint, if he is able to do so to state a colorable federal claim, while complying fully with Federal Rule of Civil Procedure 11.

Plaintiff's claim against defendant Moore rests on different grounds: he asserts that Moore injured him unintentionally as he responded to a fight between two Hispanic inmates.

> "Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"

Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Plaintiff has not described any action by defendant Moore that would rise to the level of a civil rights violation. Jeffers v. Gomez, 267 F.3d 895, 912 (9th Cir. 2001) (allegation that inmate was shot when officer was attempting to stop an attack was not 8th Amendment violation). Because plaintiff has described only negligent or, at most, reckless behavior on the part of defendant Moore, these claims should not be included in any amended complaint.

It is unclear whether plaintiff's complaint against defendant Briddle relies on defendant Briddle's alleged insults or his alleged refusal to transfer plaintiff or both. Neither portion of the claim, however, is cognizable in a civil rights action. There is no constitutional right to be transferred to any particular institution and no constitutional right to be free from verbal harassment, even if the insults cause sleeplessness or other psychological harm. Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983) (no constitutional right to be housed in any particular prison); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), as amended by 135 F.3d 1318 (9th Cir. 1998) (verbal harassment does not state a claim); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not state a claim); 42 U.S.C. § 1997e(e) (inmate cannot recover for mental and

emotional injury because he has not alleged he suffered actual physical injury. These claims against defendant Briddle also should not be included in any amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.62. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 20, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
spen0272.14