IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SPENCER,

      Plaintiff,                    No. CIV S-06-0272 FCD KJM P

   vs.

J. BRIDDLE, et al.,

      Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

                             /

          Plaintiff is a former state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On June 21, 2006, the court dismissed plaintiff's complaint, giving him leave to amend some of the claims. Plaintiff has now filed the amended complaint.

          In the amended complaint, plaintiff takes issue with this court's characterization of defendant Moore's actions: plaintiff says that Moore did not trip and fall on plaintiff, causing injury, but rather Moore fell on plaintiff when his baton swing against another inmate missed.

/////
/////
/////
/////
/////

1

1 Amended Complaint (Am. Comp.) at 1-2.  This does not change the analysis; as the court said in
2 the June 21 order:

> "Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"

8 Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  Plaintiff has not described any action by
9 defendant Moore that would rise to the level of a civil rights violation.  Jeffers v. Gomez, 267
10 F.3d 895, 912 (9th Cir. 2001) (allegation that inmate was shot when officer was attempting to
11 stop an attack was not 8th Amendment violation).  These claims of negligent and reckless
12 behavior do not rise to the level of a civil rights violation.

13 Plaintiff also contends that defendant Moore violated his right to due process "by
14 not reporting or adding my injury to his daily report . . .," but does not contend that this failure
15 caused him to be denied medical treatment.   In fact, he alleges that he was sent to the infirmary
16 "minutes after the incident."  Am. Compl. at 1.  Plaintiff does appear to claim that Moore's
17 failure to record an incident led to defendant Briddle's accusing plaintiff of lying about the
18 injury.  However, harm to reputation, even inflicted by someone acting under color of state law,
19 "does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal
20 law."  Paul v. Davis, 424 U.S. 693, 712 (1976).

21 IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
22 state a claim.
23 /////
24 /////
25 /////
26 /////

1  These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
3 days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court. The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).
8 DATED: April 5, 2007.

U.S. MAGISTRATE JUDGE

2

spen0272.56

3